## JOE CRUIT v. THE STATE.

1. EVIDENCE OF ACTS OF SEVERAL DEFENDANTS IN THEFT.—On trial upon an indictment against several defendants, evidence of the part performed by each may be introduced. It is not necessary to specify in the indictment the acts of each party which, taken together, constituted the theft.

2. POSSESSION IN PROSECUTION FOR THEFT.—The fact that the accused was seen walking along a road in the direction of his house, which was a short distance off, within twenty steps of a wagon in which was the stolen property, does not show that the property was in his possession or under his control, or that he aided in stealing it; and a verdict upon such evidence should be set aside.

APPEAL from Harrison. Tried below before the Hon. M. D. Ector.

*James Turner*, for appellant.

*George Clark; Attorney General*, for the State.

MOORE, ASSOCIATE JUSTICE.—By the indictment the appellant is charged, jointly with Charles King, with taking two bales of cotton, with the intent to appropriate them to the use and benefit of himself and said King. The court instructed the jury, if King stole the cotton with the intent to appropriate it to the use of appellant and himself, and appellant was present when said cotton was stolen, and, knowing the unlawful intent of King, did aid by acts in the taking, stealing, and carrying it away, they would find him guilty.

No objection is made by appellant to the indictment; and it is admitted that all who are present at the commission of a crime and give aid are principals. But it is insisted, in an ingenious argument, that the indictment does not warrant a verdict against appellant on the proof of the facts indicated in the charge to which we have referred. If the indictment had charged King with stealing the cotton, and that appellant, knowing the unlawful intent, was present, aiding and assisting him therein, it is conceded the charge of the court would have been strictly correct. But it is said appellant is charged with stealing the cotton, and not with aiding King to steal it, and, to convict him under this charge, the proof must show that he took the cotton with intent of converting it to his own use. With however much force we may concede the objection has been urged, we regard it as more specious than sound. The indictment does not, as it seems to be supposed, charge the taking to have been with the intent to appropriate the cotton to the use of King alone, but to the joint use of appellant and King. And if the objection should be sustained, it would result that, in all cases where there are two or more principal offenders, it would be

necessary to set forth in the indictment the particular acts done by each of the parties connected with the transaction. This certainly has never been the practice in prosecutions of this character, and has always been held to be unnecessary.

The taking and carrying away the property stolen, is in the meaning of the law, as much the act of all the parties who are present, knowing the unlawful intent, and aiding and assisting therein, as his whose hand alone may have removed it. The taking and carrying away being the result of the joint acts of all, its charge as such in the indictment is sufficient to admit proof of the facts showing the part performed by each of the parties, and thereby that in legal effect the taking is the act of all.

Though there was no error in the charge, the judgment must be reversed for the refusal of the court to grant a new trial. Clearly the evidence does not support the verdict. However strongly the evidence may tend to induce us to suspect appellant to have been a party to the theft, there is certainly nothing in the record which warrants the legal presumption of his guilt. It is not pretended that there is any direct evidence that he was present or had any participation in the taking and carrying the cotton from the gin. The State did not attempt to establish the original taking by either of the parties charged in the indictment by direct testimony, but relied altogether upon evidence which, it is claimed, sufficiently shows joint possession of the cotton by King and appellant shortly after and near the place where it was stolen. But the testimony relied upon to do this fails to connect appellant with the possession of the cotton, or with King, in whose possession alone it apparently was at the time referred to by the witness for the State. Certainly the bare fact that appellant was seen walking along the road in the direction of his house, which was a short distance off, some twenty or more steps in advance of the wagon with the cotton,

does not show that it was in his possession or under his control, or that he had assisted in stealing it, or was aiding and assisting King in carrying it off.

Nor can it be said that the failure to establish the alibi, relied upon as a defense, gives such additional strength to the evidence, otherwise insufficient to establish his guilt, as to support the verdict.

For the error of the court in overruling appellant's motion for a new trial, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.