SANDY McDONALD v. THE STATE.

No. 4386. Decided January 27, 1909.

1.—Assault with Intent to Murder—Charge of Court—Aggravated Assault.

Where upon trial for assault with intent to murder the evidence showed that there was nothing to suggest the issue of aggravated assault; that the injuries were inflicted in a cruel and deliberate manner with a knife by the defendant upon prosecuting witness, and the court charged upon assault with intent to murder and aggravated assault, there was no error.

**2.—Same—Confessions—Evidence—Warning—Mental Condition.**

Where upon trial for assault with intent to murder it appeared that the written statement of defendant was made according to the Act of the Thirtieth Legislature; that the same was duly witnessed by the party who gave the warning to defendant, and otherwise properly authenticated, the objection that the statement was contradictory, vague and uncertain, and that defendant was not in a mental condition to make it would not go to its admissibility in evidence.

**3.—Same—Self-Defense—Charge of Court.**

Where upon trial for assault with intent to murder the evidence did not raise the issue of self-defense, there was no error in the court's failure to charge thereon.

**4.—Same—Charge of Court—Adequate Cause—Aggravated Assault—Insanity.**

Where upon trial for assault with intent to murder, the evidence showed that the defendant inflicted the injuries upon prosecuting witness in a cruel and deliberate manner, and the defense was among other things that the defendant was of unsound mind at the time of the assault, and the court instructed the jury that if there were no statutory grounds reducing the assault to aggravated assault, to convict the defendant of assault of murder, and also submitted the law of insanity, there was no error in the court's failure in defining adequate cause to enlarge the same to cover any condition of the mind rendering it incapable of cool reflection.

**5.—Same—Charge of Court—Reasonable Doubt.**

Where upon trial for assault to murder the charge of the court upon adequate cause was broader than the statute, and instructed the jury that any condition or circumstance capable of creating and which did create sudden rage, etc., rendering the mind of defendant incapable of cool reflection was adequate cause whether accompanied by bodily pain or not; and applied the reasonable doubt in all the different phases of the charge, the same was sufficient although the charge did not strictly copy the statute; besides this was not raised in the motion for new trial, and the issue of aggravated assault was not raised by the evidence.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Miller & Royall,* for appellant.—Upon question of adequate cause: Childer v. State, 33 Texas Crim. Rep., 509; Art. 700 White's Penal Code. On question of admitting evidence, and mental condition of defendant: Lopez v. State, 14 S. W. Rep., 1059; White's Code of Criminal Procedure, art. 730, subds. 1 and 2 and authorities. On question of criminal intent and insanity: Thomas v. State, 40 Texas, 60. White's Code Crim Proc., art. 442, sec. 349.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of assault with intent to murder, and his punishment assessed at two years confinement in the penitentiary.

Vol. 55 Crim.—14.

On the trial of the case the court charged upon assault with intent to murder and aggravated assault. We see nothing in the evidence suggesting the latter. According to the testimony of the State the defendant made an assault upon prosecuting witness with a knife, inflicting divers and sundry wounds, many of which penetrated the cavity, from which wounds she was laid up in bed two or three weeks. The injuries were inflicted in a cruel and deliberate manner and do not suggest the issue of aggravated assault at all.

Bill of exceptions No. 1 complains that the court permitted the county attorney to read to the jury a statement of defendant, over his objection, which statement had been written out by the justice of the peace with the proper warning, according to the Act of the Thirtieth Legislature. Appellant objected to the introduction of same for the reason that defendant was not in a mental condition to make a statement, which was binding upon him, at the time said statement was made; second, because said statement is contradictory; third, because the same was not made as directed by the law; same was not properly executed and witnessed; fourth, because the same is vague, uncertain, unintelligible and shows on its face that the defendant was not in a mental condition to make a statement; and fifth, because the same was not properly authenticated by the officer taking the statement. An examination of the affidavit shows proper warning was given, and same is signed by the man who gave the warning and witnessed by Joel R. Bond. That the statement is contradictory would not go to its admissibility, nor would its vagueness and uncertainty render it inadmissible; nor would the issue that defendant was of unsound mind, preclude the introduction of the statement. The statement was admissible.

Appellant in his motion for new trial complains that the court erred in failing to charge on the law of self-defense. The evidence did not raise this issue.

Appellant complains further of the following charge of the court: "If from the evidence you are satisfied beyond a reasonable doubt that the defendant, Sandy McDonald, on or about the time charged in the indictment, in the County of Kaufman and State of Texas, with a knife, and that the same was a deadly weapon, with malice aforethought, did assault said Katie McDonald, with intent then and there to kill and murder her; and if you are further satisfied by the evidence and beyond a reasonable doubt that said assault (if any) was not made under the immediate influence of sudden passion produced by an adequate cause, as the same is hereafter explained to you in these instructions, then you will find the defendant guilty of an assault with intent to murder and so say by your verdict."

The objection to this charge is, that the same does not clearly

present to the jury the issue of the mental condition of defendant at the time, and should not have confined their action to whether the passion was such as anger, rage, and sudden resentment or terror, but that it should have been enlarged to cover any condition of the mind, which was calculated to and did render it incapable of cool reflection. The court properly charged on the law of insanity. The above cited charge is merely quoting the statute, and giving the benefit to the defendant of the doctrine of aggravated assault. There is no error in the charge.

Appellant objects to the following charge: "You are instructed that any condition or circumstance capable of creating, and which does create, sudden rage, etc., rendering the mind at the time incapable of cool reflection, whether accompanied by bodily pain or not, may be adequate cause." The objection to this charge is, that if any condition or circumstance did in fact exist, then it was adequate cause, and would have reduced the offense, if any was committed, from assault to murder to aggravated or simple assault; and that defendant was entitled to the benefit of a reasonable doubt on said proposition. Reasonable doubt was applied in all the phases of the charge in this case. We note the Assistant Attorney-General insists that the objection is, that the charge does not copy the statute, in this: "such as would commonly produce a degree of anger, rage or resentment in a person of ordinary temper." The motion, however, does not raise this question. But be this as it may, this would not vitiate the charge since the charge is broader than the statute. Furthermore, we do not believe the issue of aggravated assault, as suggested above, is in the case.

We find no error in this record that requires a reversal of the judgment, and the same is in all things affirmed.

*Affirmed.*