Leonard Dodd v. The State.

No. 4820.   Decided February 13, 1918.

Rehearing overruled March 20, 1918.

1.—Rape—Change of Venue—Rule Stated—Bill of Exceptions—Practice on Appeal.

Under article 634, C. C. P., the order of the judge granting or refusing a change of venue shall not be revised upon appeal, unless the facts upon which the same was based are presented in a bill of exceptions prepared, signed, approved, and filed at the term of the court at which such order is made; and where such bill of exceptions was not filed during term time it can not be considered on appeal. Following Bink v. State, 50 Texas Crim. Rep., 445, and other cases.

2.—Same—Delay in Filing Bill of Exceptions—Change of Venue.

Where the record on appeal did not disclose a statement of facts showing that the officers of the court were responsible for the delay in filing a bill of exceptions of the facts heard on motion for a change of venue, there was no reversible error. Following Bohannon v. State, 14 Texas Crim. App., 271, and other cases. Distinguishing Miller v. State, 52 Texas Crim. Rep., 72.

**3.—Same—Evidence—Insanity—Expert Testimony—Hypothetical Question.**

Upon trial of rape, where defendant pleaded insanity as a defense, there was no error in permitting testimony of an expert on insanity who had heard the evidence to state his opinion upon the hypothetical question as to defendant's sanity or insanity based upon such testimony, said hypothetical question being well within the rule.

**4.—Same—Rule Stated—Expert Witness—Hypothetical Question—Opinion of Witness.**

Each side has the right to the opinion of the expert witness upon any' hypothesis reasonably consistent with the evidence, it being the court's duty to see that the examination is fairly and reasonably conducted, and in putting hypothetical questions, counsel may assume the facts in accordance with his theory of things, and it is not essential that he state all the facts to the witness as they have been proved. Following Burt v. State, 38 Texas Crim. Rep., 397, and other cases.

**5.—Same—Evidence—Practice in District Court—Insanity—Expert Witness.**

Upon trial of rape, where defendant pleaded insanity, there was no error that the court excused a witness, who was an expert on insanity and who was called by the State, but who objected to testify because he had been employed by defendant to examine him about his sanity, claiming his confidential relations to the defendant; although, the court might have required him to testify for the State. Following Adams v. State, 34 Texas Crim. Rep., 470, and other cases.

**6.—Same—Principals—Charge of Court—Co-defendant—Indictment.**

Where, upon trial of rape, the defendant was indicted as principal with another, it was not necessary to allege in the indictment the acts which made him a principal, and where the evidence showed that the codefendant committed the rape, while the defendant held the victim, there was no error in the court's charge on principals authorizing conviction of defendant, although he contended that he did not accomplish penetration. Following Campbell v. State, 63 Texas Crim. Rep., 595, and other cases.

**7.—Same—Rule Stated—Principals—Indictment.**

Under the law of principals it is not necessary to allege in the indictment the acts which make the defendant a principal, and he may be directly charged with the commission of the offense, although it may not have been actually committed by him. Following Williams v. State, 42 Texas, 392, and other cases.

**8.—Same—Election by State—Practice—Charge of Court.**

Where, upon trial of rape, the defendant was charged as principal with another, it was developed by the evidence that the facts were such as would support two prosecutions for rape against the defendant, one for his own act of having carnal intercourse with the alleged female, and one ·for the act of aiding· his codefendant, it was his duty, if he desired the State to elect as to which offense it would prosecute, to make a motion requiring the State to do so, and a requested charge will not reach the matter, as he could not select the transaction which should be abandoned. Following Collins v. State, 77 Texas Crim. Rep., 156; Bradshaw v. State, 32 Texas Crim. Rep., 381.

**9.—Same—Evidence—Collateral Attack—Hearsay.**

Where, upon trial of rape, the defendant propounded a question to the prosecutrix, whether she remembered that a certain physician speaking to her

about her hymen having been shattered before the commission of the crime, to which an objection by the State was sustained, there was no error as this was hearsay, and such proof could only be made by a direct inquiry as to whether such facts existed.

### 10.—Same—Leading Question—Evidence—Bill of Exceptions.

In the absence of a bill of exceptions that leading questions to a State's witness were allowed under the circumstances, not bringing them under any rules excluding them, the matter could not be reviewed on appeal. Following Carter v. State, 59 Texas Crim. Rep., 73, and other cases.

### 11.—Same—Drinking Intoxicating Liquors—Temporary Insanity—Charge of Court.

Temporary insanity produced by the recent use of ardent spirits may mitigate the penalty as provided by article 41, P. C., but mere drunkenness does not do so, and where the court submitted a correct charge defining temporary insanity under said article of the statutes, there was no reversible error. Following Evers v. State, 31 Texas Crim. Rep., 319, and other cases.

### 12.—Same—Argument of Counsel—Bill of Exceptions—Motion for New Trial.

In the absence of a bill of exceptions, which preserved certain evidence as it was introduced on the motion for new trial and filed during term time of the trial court, this court can not review the matter in the bill filed thereafter with reference to the argument of counsel and that the jury was under the influence of mob spirit, etc., and where the evidence was sufficient to sustain the conviction, there was no reversible error. Following Black v. State, 41 Texas Crim. Rep., 185.

### 13.—Same—Statutes Construed—Change of Venue—Rehearing.

Where, upon motion for rehearing, counsel for appellant earnestly urged this court to review the order of the trial judge refusing a change of venue, etc.; held, that in the absence of a statement of facts by a bill of exceptions approved and filed during the term of the trial court, this court can not disregard the provisions of the statute, article 634, C. C. P., and arbitrarily disobey it. Following Bishop v. State, 81 Texas Crim. Rep., 96, 194 S. W. Rep., 389.

### 14.—Same—Principal—Indictment—Rule Stated.

The rule that it is not necessary to allege in the indictment the facts relied upon to show that the accused was a principal, although the offense with which he is charged may not have been actually committed by him, must be adhered to. Following Mills v. State, 13 Texas Crim. App., 487, and other cases.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. C. A. Pippin.

Appeal from a conviction of rape by force; penalty, death.

The opinion states the case.

*H. G. Wills* and *J. H. Synnott,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of refusing to change venue and absence of bill of exceptions: Bowden v. State, 12 Texas Crim. App., 246; Pruitt v. State, 20 id., 129; Blackwell v. State, 29 Texas Crim. App., 194; Cortex v. State, 43 Texas Crim. Rep., 375; King v. State, 57 id., 363; Treadway v. State, 65 Texas Crim. Rep., 208, 144 S. W. Rep., 655; Mitchell v. State, 71 Texas Crim.

Rep., 241, 158 S. W. Rep., 815; Hemphill v. State, 75 Texas Crim. Rep., 63, 170 S. W. Rep., 154; Barnett v. State, 76 Texas Crim. Rep., 555, 176 S. W. Rep., 580, and cases stated in opinion.

· On question of leading questions: Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 726; Jones v. State, 65 Texas Crim. Rep., 252; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593, and cases cited in opinion.

MORROW, JUDGE.—Appellant was convicted of rape and the death penalty assessed.

The subject of the rape was Miss Florence Orcutt. The indictment contained but one count and therein charged appellant with rape by force.

On the night of June 25, 1917, Miss Florence Orcutt was riding in a jitney driven by a man by the name of Savage. According to their testimony, they were on their way to the residence of a man living out of the City of Dallas, on a business mission, Miss Orcutt having employed Savage to make the trip. They claimed by mistake to have taken the wrong road, getting into a narrow lane, and while looking for a place to turn their car around heard an automobile overtaking them. They stopped on one side to allow the approaching car to pass. The car in which appellant and Walter Stevenson were riding was stopped and some conversation took place with reference to a road to a certain village. Appellant and Stevenson passed on after this conversation and Miss Orcutt and Savage turned and drove back into the pike road. Soon after reaching it they were overtaken and stopped by Stevenson and appellant. Savage was struck by one of them with a hammer and while he was helpless from the blow or blows Miss Orcutt was taken out of his car and put into that of appellant and Stevenson, appellant driving the car and Stevenson sitting on the back seat with Miss Orcutt. They drove toward the City of Dallas, passed through a part of the lighted portion and again drove into a dark portion of the country, where they forced and dragged Miss Orcutt out of the automobile and assaulted her. That Stevenson raped her while appellant held her is not questioned; that appellant tried to rape her while Stevenson held her is definitely established; that appellant succeeded in penetration is controverted, though there is evidence to sustain the affirmative finding upon the issue. Miss Orcutt was told by them that they would keep her until morning and kill her to prevent her from disclosing the facts. While they were still with her they were discovered by a man in an automobile. Stevenson ran and appellant remained, his person exposed, threatening the man who discovered them with a hammer, trying to drive him away. The young lady screamed, however, and jumped into the automobile and was rescued. She exhibited evidence of abuse in the way of the disarray of her clothing and numerous wounds about her face and head which she testified were given by the appellant and his companion during her struggles resisting violence.

A motion for change of venue on the ground of prejudice was made.

Evidence was heard for, and in opposition to, it. The bill of exception containing this evidence was not filed until November 9th, while court adjourned September 29th. Objection to its consideration is made by the State based on article 634, Code of Criminal Procedure, which is as follows: "The order of the judge granting or refusing a change of venue shall not be revised upon appeal, unless the facts upon which the same was based are presented in a bill of exceptions prepared, signed, approved and filed at the term of the court at which such order was made." This statute has frequently been held to deny this court the right to review the action of the trial judge in refusing a change of venue where evidence was heard in the absence of a bill of exception preserving the evidence and filed during the term of court at which the order was made. Bowden v. State, 12 Texas Crim. App., 246; Bink v. State, 50 Texas Crim. Rep., 445, and numerous cases collated in Branch's Ann. P. C., p. 181, sec. 301.

The record does not disclose a state of fact showing the officers of the court are responsible for the delay so as to require a reversal because of the failure of appellant to secure his bill as was done in Miller v. State, 52 Texas Crim. Rep., 72., The transcribed notes of the stenographer appear to have been available some days before the end of the term. A reading of the evidence adduced at the hearing for a change of venue does not indicate arbitrary action or abuse of discretion by the trial judge in overruling the motion in the absence of which his decision will not be overturned. Dupree v. State, 2 Texas Crim. App., 613; Bohannon v. State, 14 Texas Crim. App., 271; Branch's Ann. P. C., sec. 299, and cases cited.

Appellant set up insanity as a defense. An expert on this subject was asked a hypothetical question to which objection was made "for the reason that the same was not a complete nor a true statement of the testimony and states facts as proven, which were contradicted by the testimony and by the confession in evidence." The trial judge in qualifying the bill says that the hypothetical question was a fair, full and complete statement of matters in evidence. Such is our view of it after reading the bill. Nothing is pointed out in the bill as going beyond the evidence. Mr. Branch, in his Ann. P. C., page 18, section 31, deduces from the decisions of this court the following rule: "Each side has a right to an opinion from the expert witness upon any hypothesis reasonably consistent with the evidence, and if meagerly presented on one side, it may be fully presented on the other, being within the control of the court, whose duty it is to see that the examination is fairly and reasonably conducted. In putting hypothetical questions, counsel may assume the facts in accordance with his theory of things, and it is not essential that he state all the facts to the witness as they have been proved." This is supported by the decisions which he cites, including Burt v. State, 38 Texas Crim. Rep., 397; Morrison v. State, 40 Texas Crim. Rep., 473.

Dr. Turner, an expert on insanity, who appears to have been present at the trial as a witness, was called by the State in rebuttal and objected to testifying because he had been employed by appellant to make

an examination of him with reference to his sanity and that he desired to be exempt from the necessity of giving his opinion on account of the confidential relationship existing between him, a physician, and the appellant, his patient. The court, without objection from appellant, excused the witness, and at the end of the trial the appellant requested the court to instruct the jury to disregard the incident just related. Appellant presents no authority sustaining the contention that there was error thus disclosed, and we have found none. Dr. Turner was a witness and the State's counsel appears to have been within his rights to call him to testify, and so far as we are advised to require him to testify, so far as the inhibition of privileged communications touches the subject. The general rule is that communications between physician and patient in the absence of statute are not privileged. Wharton's Crim. Law, p. 1059, sec. 516. The courts recognize that there are many reasons for regarding the communications between physician and patient as privileged where the patient seeks the physician for medical aid and in many States statutes have been enacted on the subject. It has been held, however, that where the consultation is not for medical aid these reasons do not obtain. Bower v. State, 142 Ind., 194, 41 N. E. Rep., 523. Whatever the rule there is no statute in this State exempting such communications. Where insanity is an issue it is competent for the State to call witnesses to prove the conversations and conduct of an accused, not admitting guilt, while in jail as a basis for an opinion as to the sanity or insanity. Adams v. State, 34 Texas Crim. Rep., 470; Burt v. State, 38 Texas Crim. Rep., 397, and other cases cited in Branch's Ann. P. C., p. 17.

The court in submitting the case to the jury authorized conviction on the theory presented by the evidence that appellant accomplished penetration, and also on the theory that he aided Stevenson, and might be held as a principal in the rape by Stevenson. Appellant, by objecting to the charge, complained of submitting the law of principals, and in a special charge insisted that conviction should be authorized alone on the theory that appellant succeeded in penetration and accomplished the rape by his own act. The evidence was undisputed that Stevenson committed the rape while appellant held the victim, and unless insane he was guilty of the offense under the law of principals, Campbell v. State, 63 Texas Crim. Rep., 595, 141 S. W. Rep., 232; P. C., arts. 74 and 75; and in order to convict him under the law of principals it was not necessary to allege in the indictment the acts which made him a principal. "A principal offender may be charged directly with the commission of the offense although it may not actually have been committed by him." Branch's Ann. P. C., p. 344, sec. 676, and cases cited, including Cruit v. State, 41 Texas, 476; Williams v. State, 42 Texas, 392; Bell v. State, 1 Texas Crim. App., 598; Campbell v. State, 63 Texas Crim. Rep., 595. It follows that under the indictment it was competent to prove that appellant was guilty of rape as a principal without allegation showing that it was the intent of the State to support the prosecution upon evidence that by his aiding another in the act he became guilty of it under the law of principals. When it was developed by the evidence

that the facts were such as would support two prosecutions for rape against appellant, one for his own act of having carnal intercourse, and one for the act of Stevenson aided by him, it was his right and duty, if he desired the State to elect to abandon the prosecution for one of the offenses and confine itself to the other, to make a motion that the State be so required. Lunn v. State, 44 Texas, 85; Dalton v. State, 4 Texas Crim. App., 333; Simms v. State, 10 Texas Crim. App., 131; Blackwell v. State, 51 Texas Crim. Rep., 24; Walker v. State, 72 S. W. Rep., 401; Bishop New Crim. Proc., sec. 462; Collins v. State, 77 Texas Crim. Rep., 156, 178 S. W. Rep., 345. There was no motion or other effort so far as disclosed by the record to require the State to make an election. The appellant, after the evidence had closed, in his objections to the court's charge and in a special charge insisted that the prosecution under the indictment could only rest upon facts tending to show the rape by appellant. That is to say, that his efforts at penetration were successful. The view of counsel being that the indictment would not sustain a prosecution under the law of principals. This view, as indicated by the authorities as cited hereinabove on the subject, is not sound in our opinion. In so far as this attack upon the charge may be regarded as suggesting the idea of election it is ineffective for the reason that it does not lie with an accused to select the transaction which shall be abandoned where the facts are such as to require an election. That is the privilege of the State. Walker v. State, 72 S. W. Rep., 401; Bradshaw v. State, 32 Texas Crim. Rep., 381.

The State relied for a conviction wholly upon the direct evidence. The rape by Stevenson with appellant's aid was proved without dispute both by the testimony of Miss Orcutt and the confession of appellant, and to prove penetration by appellant the State relied upon the direct testimony of prosecutrix that he did so. One of the incidents of the transaction testified to by the prosecutrix was that appellant put his fingers in her person, and he complains in one of his bills of exception that while Miss Orcutt was on the stand the court sustained an objection to a question, as follows: "Do you remember Dr. Pense speaking to you about your hymen having been shattered before that morning before the crime?" He states in his bill that he expected her to answer that her hymen had been destroyed by an operation before the date of the offense. Under the circumstances disclosed by the record we do not think there is harmful error shown by the bill. If evidence that the hymen had been ruptured by an operation was material and admissible, the proof of it should have been made by direct inquiry of the witness as to the fact. Her statement to Dr. Pense would have been hearsay, not competent to prove the fact, but available only to impeach the prosecuting witness if on inquiry of her she had denied the fact that the operation had taken place.

Some leading questions were asked prosecutrix by the State's attorney, and complaint is made thereof. Leading questions are generally objectionable. There are exceptions, however, to the rule prohibiting them and ordinarily the determination of their admissibility is left to the discretion of the trial judge, not subject to review except in instances

where the discretion has been abused or where by the liberal exercise of it injustice has been done. Wharton's Crim. Ev., sec. 454a; Branch's Ann. P. C., sec. 158, and cases cited; Campbell v. State, 62 Texas Crim. Rep., 561. When leading questions are complained of it is incumbent upon the appellant to show by his bills of exception that they were allowed under circumstances not bringing them under any of the rules excluding them. Branch's Ann. P. C., sec. 159, and cases cited; Montgomery v. State, 4 Texas Crim. App., 140; Henderson v. State, 5 Texas Crim. App., 134; Harris v. State, 37 Texas Crim. Rep., 441; Hamilton v. State, 41 Texas Crim. Rep., 599; Green v. State, 148 S. W. Rep., 593; Jones v. State, 144 S. W. Rep., 252; Graham v. State, 73 Texas Crim. Rep., 28, 163 S. W. Rep., 726. The bill in the present case as qualified by the court and accepted by appellant shows that the circumstances justified the resorting to leading questions to the extent that the bill shows it to have been done. Carter v. State, 59 Texas Crim. Rep., 73, 127 S. W. Rep., 215; Harris v. State, 36 Texas Crim. Rep., 89.

The record shows that appellant on the day of the offense had been drinking intoxicating liquor and he interposed that fact and the consequences following it in mitigation of the penalty as provided by article 41 of the Penal Code. The court instructed the jury on the subject and the terms in which he gave the charge are criticised in the exception to the charge, the exception made being that the charge was too restrictive of his rights in defining temporary insanity embraced in the statute, that it was such as would render the appellant incapable of knowing the act he was doing was wrong or criminal. The court told the jury if the appellant was laboring under such temporary insanity produced by the voluntary recent use of ardent spirits that it should be taken into consideration in mitigation of the punishment in the event they found appellant guilty. It was the duty of the court to instruct the jury in regard to the meaning of the term "temporary insanity" and we have been referred to no authority which indicates that the definition given was not a proper one. It is in accord with the definition approved by this court in Evers v. State, 31 Texas Crim. Rep., 319. It is the temporary insanity produced by the ardent spirits that may mitigate. Mere drunkenness does not do so. Branch's Ann. P. C.

Counsel in his argument laid some stress upon the introduction of appellant's confession. From our examination of the record we are unable to discern any irregularity in it or in the manner in which it was taken. McDonald v. State, 55 Texas Crim. Rep., 208; Goode v. State, 57 Texas Crim. Rep., 220; Harris v. State, 144 S. W. Rep., 232.

In their brief counsel makes some complaint of arguments which are referred to in the motion for new trial but not verified by bills of exception and which under the established practice are not before us for review. The bill of exceptions, which preserves certain evidence as it was introduced on the motion for new trial, was not filed until November 9th, which was some weeks after the term at which the trial was had and the term ended. The law before permitting us to consider the evidence heard on a motion for new trial as a basis for review requires that the bill containing it be filed during the term at which

the case was tried.  Black v. State, 41 Texas Crim. Rep., 185.  The evidence taken on motion for new trial would not, if considered, justify the conclusion that the trial was had under the influence of a mob spirit or that the verdict was responsive to any illegitimate influence.  The difficulties in obtaining a jury appear not to have been such as indicates extensive prejudgment in the case or prejudice against the accused.  The crime was characterized by extreme brutality, accompanied by incidents of the most shocking nature.  Appellant's participation in it was not in doubt and unless the jury accepted as true his defense of insanity or felt inclined to mitigate his punishment under his plea of temporary insanity resulting from the use of intoxicants the severity of the verdict is not a subject of wonder.  The evidence touching his defensive pleas, while conflicting, were such as to sustain the finding against the defense of insanity and the plea in mitigation of temporary insanity.  The trial appears to have been a fair one, legally conducted, and we are not authorized to overturn its result.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### March 20, 1918.

MORROW, Judge.—Responding to the motion for rehearing in which counsel for the appellant earnestly urges the court to reverse its holding affirming this case, we have reviewed the record.  He suggests that notwithstanding article 634, Code of Criminal Procedure, declares that this court shall not review the order of the trial judge refusing to change the venue, in the absence of a statement of facts upon which the trial judge acted, approved by him, and filed during the term at which the order was made, that in view of the serious nature of the charge against the appellant this court should consider the statement of facts which was not filed during the term time, and upon them reverse the ruling of the trial court in refusing to change the venue.

To do so would involve setting aside the precedent established in numerous cases decided by this court as listed in Branch's Ann. P. C., sec. 301, and would amount to a disregarding of the provision of the statute prescribing the procedure in this court and the trial court.

The duty of the courts is to observe statutory provisions.  It does not lie with them to arbitrarily disobey them.  Bishop v. State, 81 Texas Crim. Rep., 96.  The rights of the public and the citizen are best protected by an observance of the law as it is written where it does not overstep constitutional provisions.  If hardship or injustice result in individual cases the remedy is not with the courts but lies in the hands of those vested with the right to exercise executive clemency.

The position of counsel for appellant, presented with great force, is that inasmuch as the indictment charged appellant, Leonard Dodd, with having carnal knowledge with the injured party by force as defined in the statute on rape, it was not competent for the State to sustain this charge by proof that Walter Stevenson had such carnal knowledge with her while appellant was present and knowing the unlawful intent of

Stevenson by his acts aided him in committing the rape. The Supreme Court in the case of Williams v. State, 42 Texas, 392, says: "It has been repeatedly held that it is not necessary to allege in the indictment the facts relied upon to show the defendant to be a principal although the offense with which he is charged may not have been actually committed by him." In Mills v. State, 13 Texas Crim. App., 487, Judge Hurt, writing the opinion, says: "It appears from the statement of facts that Henderson Dart shot the prosecutor, Isham Berry. Mills (the appellant) was indicted separately, there being no mention of Dart in the indictment.

"Upon the trial the defendant excepted to all evidence tending to prove that Dart shot Berry, upon the ground that there was no allegation in the indictment to that effect. The court overruled the objection and the defendant excepted. We are of the opinion that the ruling of the court was correct. The State proved that Dart did the shooting, and that defendant was present, and knowing the unlawful intent of Dart, abetted and encouraged him in the commission of the offense.

"The question here raised is this: Must the indictment charge all of the parties engaged in the commission of the offense in order to the admission of evidence to prove that a party not on trial committed the act, and that the defendant (the party on trial) was present, and knowing the unlawful intent of such person, aided him by acts or encouraged him by words or gestures? We are of the opinion that this question must be answered in the negative. If the party is present and knows of the unlawful intent, aids by acts or encourages by word or gestures the party who actually commits the unlawful act, he is held a principal actor, and can be prosecuted and convicted as such."

This case states and applies the rule which has been consistently and uniformly adhered to. Mr. Branch in his Ann. P. C., p. 342, sec. 677, collates the cases.

The points raised in the motion for rehearing are a reiteration of those urged on the original presentation of the case. Without reviewing them in detail, we have again considered them and are constrained to believe that they were decided in accord with the rules of law.

We, therefore, overrule the motion.

*Overruled.*

PRENDERGAST, JUDGE, absent.