## BOB SPEARS v. THE STATE.

### No. 8117.   Decided March 26, 1924.

**Misdemeanor Theft—Sufficiency of the Evidence—Principals—Pleading.**

Where the evidence raised the issue of principals, the trial judge correctly charged on the law of principal offenders, and where the evidence

was sufficient to show that the defendant's acts brought him within one of the provisions of the law to warrant the court in charging on the law of principals, it was not necessary that the indictment should have described him as such and the conviction is sustained.

Appeal from the County Court of Howard. Tried below before the Honorable J. C. Brooks.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $150 and thirty days in the county jail.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The conviction is for misdemeanor theft; punishment fixed at a fine of $150 and confinement in the county jail for a period of thirty days.

A summary of the evidence follows: About one o'clock on the night of May 3rd, Clarence Thompson took an automobile tire from the car of Jess Andrews which was standing near the depot. After taking the tire, he jumped in the car driven by the appellant, which was nearby, threw the tire into it, and the appellant immediately started the car. The officer who saw the transaction threw his flashlight upon the faces of the parties in the car and told them to stop, but could not say that they heard him. About an hour later, the appellant, Clarence Thompson, and Frank Anderson, who were the parties in the car, were arrested. On the following day, Clarence Thompson returned the automobile tire to Jess Andrews. The appellant owned three automobiles which were used as jitneys. One was driven by him, one by Thompson, and one by Anderson.

Appellant's testimony is to the effect that Thompson threw the tire into the appellant's car, jumped into it and told the appellant to drive to the hospital; that the officer threw his flashlight upon them as he started, but that being a common occurrence, it did not require notice and he did not hear the command to stop. He did not know that the automobile tire was stolen. On reaching the hospital and learning that the tire was stolen, appellant told Anderson to take it back at once. Anderson promised to do so, on the next morning. This he did about noon. Appellant made no disclosure of the transaction until he was arrested, which was about an hour later. We are unable to say that the nature of appellant's connection with the transaction did not raise an issue of fact. The stolen tire was put in his car, which was situated a very short distance from where the tire was jerked from the car of the owner. With Thompson, the taker and the stolen tire, appellant drove his

car away. The stolen tire was thrown into some weeds near the hospital. No disclosure of the appellant's connection with the theft was made until after his arrest and that of Thompson. With what knowledge and with what intent the appellant acted were questions of fact. The evidence justified a charge on the law of principal offenders. The appellant was present, within the meaning of the law, at the time of the taking. He rendered aid to Thompson in removing the stolen property and in hiding it. A principal is one who being present, and knowing the unlawful act, aids by his acts or encourages by his words the actual taker of the property. Art. 75, P. C. When theft is committed, one who is present and endeavors to secure the safety and concealment of the offender is a principal. Art. 75, P. C. A person who advises or agrees to the commission of an offense, and who is present when the same is committed, is a principal thereto. Art. 78, P. C. We are unable to say, as a matter of law, that the evidence is not sufficient to show that the appellant's act brought him within one of these provisions of the law. To warrant the court in charging on the law of principals, it was not necessary that the indictment describe them as such. Branch's Ann. Texas P. C., Sec. 679; Cruit v. State, 41 Texas, 476; Williams v. State, 42 Texas, 392; Bell v. State, 1 Texas Crim. App., 598; Campbell v. State, 63 Texas Crim. Rep., 595; Dodd v. State, 83 Texas Crim. Rep., 163.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*