## WILLIAM BONEWALD V. STATE.

No. 25,829. April 30, 1952.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) October 8, 1952.

Hon. S. N. McWhorter, Judge Presiding.

*F. G. Garza,* Edinburg, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was charged by indictment with the offense of rape upon Eduarda Castillo, a little Mexican girl, who was 11 years of age; and upon his conviction was assessed a punishment of 50 years in the state penitentiary.

The actual facts of the offense are testified to by the little girl herself, there being no other person present at the time. It seems that she had been sent on an errand about 5:30 P.M., by her uncle, and that she was returning home from such errand in the possession of the articles which she had been told to bring, as well as an ice cream cone, when she was accosted by a man

who told her that he wanted to look for a woman to wash for him and iron his clothes, and requested that she go with him to find such a woman since he was not able to speak the Mexican language. They went down a straight road, and after awhile he turned off into a small road. According to the little girl, he raped her at that point while she was sitting in his car. She said, "He unbuttoned my pants, he put my panties to one side and then he made me many bad things." She asked him not to do such but he said that he would kill her "if she would holler." He soon thereafter let her out of his car, and she went home and immediately told her sister and her uncle what had happened to her. She also told her father as soon as he came home. Her father then telephoned the officers and took the little girl to a doctor. The doctor's testimony shows that her body had been penetrated and her clothing showed evidence that she had bled freely.

Upon the trial of the case the little girl's ability to understand the nature of an oath was attacked, and she did say therein that if she told a story that the district attorney would punish her but she did not know whether God would punish her or not.

The court seemed to think that the child was able to testify upon the stand, and she was allowed to tell the facts of the occurrence; and her statements to her sister and uncle immediately upon arriving at home were allowed to be detailed by her before the jury.

The first three bills of exception relate to the child's testimony, as well as the outcry that she made immediately upon her arrival at her home.

We think the child showed herself to be competent to detail the circumstances surrounding the violence offered, and we also think that the statements made to her sister and her uncle would come under the head of outcry given immediately upon reaching the presence of those to whom she made such statements.

This disposes of practically all the bills except that there was an objection made to the introduction of a written statement signed by the appellant the next day after his arrest. Under the circumstances shown, this statement was made in the presence of an assistant district attorney. According to the appellant's own admission, nobody struck him, and nobody forced him to make this confession, but he claims that he was fearful

that the officers would shoot him or kill him because he said that certain officers told him that they would shoot him if he did not make such confession.

We are unable to say that this confession was extorted from appellant by means of threats or violence. The state has amply proved that there were no threats or violence, according to their witnesses, and the appellant himself testified that no one struck him or made any effort to strike him, but did threaten him, and that he gave that as a reason for making the statement. The statement itself was introduced in evidence and the court in his charge carefully guarded the use of the same by the jury. Before the jury were allowed to consider the same in evidence, the state was required to prove and the jury to find from the evidence in this case beyond a reasonable doubt that not only was the defendant warned that he did not have to make any statement at all, etc., but that the same must be freely and voluntarily made, and if the same was induced by duress, threats, coercion, fear, fraud, or by persuasion, or by promise of immunity, or through any other improper influence, or if there was any reasonable doubt in the minds of the jury thereof, then they should wholly disregard such confession, and draw no inference nor conclusions therefrom, and should acquit the defendant, unless they believed from the other evidence in the case that the defendant's guilt of the offense charged in the indictment has been established beyond a reasonable doubt.

Bill of Exceptions No. 9 complains because the court failed to charge on circumstantial evidence. We do not think this is a case requiring a charge on circumstantial evidence. According to the little girl, her testimony is direct and conclusive, and according to the appellant's statement introduced in evidence, his testimony is also conclusive that he penetrated the body of the little girl in her private parts. There was no denial of her age. There is no denial of the condition of her body as testified to by the doctor. The appellant denied the commission of the crime in toto but the state did not depend upon circumstantial evidence but offered direct evidence of the complained of offense.

Bill of Exceptions No. 7 has given us some trouble. It seems that after the defendant had made the written statement in which he admitted the commission of the offense, the officers took him to San Antonio, but it is not shown whether this was done with or without his consent. He was under arrest at the time, and he was taken to a neurologist or psychiatrist. Certain

testimony was offered after appellant had taken the stand and had denied having ever molested this child in any way, or that he had in fact seen her. After his direct examination, he was taken over upon cross-examination by the district attorney and was asked whether he had ever told anyone that he had picked up a little Mexican girl with the intention of having intercourse with her, to which he replied, "No." He was then asked, "Have you ever told anyone that you rode out to a secluded place where you would not be seen by anyone with this little girl," and the answer was "No."

The state then showed by Dr. Dodge, the physician in San Antonio, that he examined the defendant, William Bonewald, and that he had ascertained from Mr. Bonewald that at least on one occasion he "had picked up a young Mexican girl for the purpose of having intercourse with her and taking her to a secluded spot where no one would see them."

Bill of Exception No. 7, as presented to the trial judge, recites that appellant objected to the testimony of Dr. Dodge as to such statements of the appellant because same were not voluntary and because no proper warning was given and the statement was not reduced to writing and signed by the defendant, the defendant being under arrest at the time; because appellant had been taken from Edinburg to San Antonio without his consent or knowledge as to the purpose of the trip, and also because the communication between appellant and Dr. Dodge, if he examined him as a patient, would be privileged communications and inadmissible in evidence against appellant.

But the trial judge qualified this bill and certifies that the objection made was, "I would like for the reason that if the consultation was between patient and physician to object to that as a private communication and that he cannot be compelled to disclose it." The bill was disallowed as to all other objections therein recited.

Appellant having accepted the bill, as qualified, is bound thereby, and the claim of error must be determined in the light of the qualifications. The one question presented by this bill is whether the evidence complained of was admissible against the above-quoted objection as set forth in the court's qualification.

In the early case of Steagald v. State, 22 Tex. App. 464, 3 S.W. 771, decided in 1886, this court held in that instance that

at common law communications between physicians and patients were not privileged, and further, that communications made to a physician professionally are not privileged, in the absence of a statutory provision making them so.

In the case of Consolidated Underwriters v. Foxworth, 196 S.W. (2d) 87, the court held that "generally, in Texas, there is no privilege to exempt a physician from testifying."

In McCormick & Ray on Evidence, p. 321, sec. 233, it is said:

"The privilege of communications between physician and patient is wholly statutory. It did not exist at common law and does not exist in England today. Such a privilege was first established by statute in New York in 1828. Other states followed until at the present time a majority of our statutes recognize the privilege."

\*      \*      \*      \*

"There is little to be said in favor of such a privilege and much to be said against it. Texas has no statute establishing the privilege and the courts invariably denied its recognition."

Again, we find in Dodd v. State, 83 Tex. Cr. R. 160, 201 S.W. 1014, the following statement:

"The general rule is that communications between physician and patient in the absence of statute are not privileged." (Wharton's Crim. Law, p. 1059, sec. 516.)

In 44 Tex. Jur. p. 1075, sec. 103, it is said:

"Communications between physicians and patients are not privileged."

In the case of Crow v. State, 89 Tex. Cr. R. 149, 230 S.W. 148, it was held as follows:

"If the court declined to require him to answer because of this reason he was in error; in the absence of a statutory enactment in this state making communications between physicians and their patients privileged, they cannot claim this right."

By virtue of the authorities above quoted, we are of the opinion that the court was not in error in allowing the testimony of the doctor to be introduced in evidence before the jury.

We have considered all the other bills of exception in the case, and fail to find any error therein.

The judgment is affirmed.