**Juan FRIAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36598.**

Court of Criminal Appeals of Texas.

March 25, 1964.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is burglary with intent to commit theft; the punishment, five years confinement in the state penitentiary.

The State's testimony reflects that a liquor store belonging to Jake Schuehle, operated by A. C. Clements in Hondo, was broken into after midnight and approximately $790.00 worth of liquor was taken.

Juan Fraga testified that he, appellant, and Arturo Zuniga went to Hondo from Natalia to break into a liquor store; that appellant was to act as "watchout" to see if anyone was coming; that they were to get the liquor to sell it; that a window was pried open; that Arturo went inside and found a box full of liquor and started bringing it out; that appellant drove the car by the side of the store and got out and helped load the liquor inside of the car; that the trunk and the back seat of the car were loaded full with boxes of bottled liquor.

It was shown that neither Clements nor Schuehle gave anyone permission to enter the building.

Charles J. Hitzfelder testified that he was Sheriff of Medina County; that he warned

appellant that he did not have to make any statement; that any statement he made could be used in evidence against him; that appellant voluntarily signed the statement.

The confession was introduced in evidence, which recited that appellant was 27 years of age and lived in Natalia; that he, Fraga, and Zuniga left Natalia to go to Hondo to break into a liquor store; that he agreed to come with them and help; that they were going to sell the liquor to someone; that appellant drove the car to the liquor store; that he let the other two out of the car; that he parked the car in front of the store; that the others loaded the cases of whiskey and a lot of loose bottles in the car; that after they got through loading the whiskey he drove away in the car and turned it over to Fraga; that they met another car driven by Juan Estrada and changed the whiskey from their car to his; that the next morning Estrada gave him fifty dollars for his part in the burglary.

Appellant did not testify nor offer any evidence in his behalf.

Appellant presents three formal bills of exception. He complains that the trial court erred in submitting to the jury a charge on principals because the indictment did not charge appellant to be a principal, and that there was insufficient evidence to show that he was a principal.

■ The testimony shows that appellant was the "watchout" ; that he helped load the liquor from the store into the car; that his confession shows that he was a lookout; this is sufficient to make him a principal. In 2 Branch 2d, Sec. 704 is found, "The acts which make the defendant a principal need not be alleged in the indictment. A principal offender may be charged directly with the commission of the offense although it may not have actually been committed by him * * *" citing many authorities.

In Spears v. State, 97 Tex.Cr.R. 125, 260 S.W. 583, the conviction was for the theft of a tire, thrown into the appellant's car. Appellant then drove the car away. It was held to raise an issue of fact as to knowledge and intent, justifying the charge on the law of principals and that the indictment need not describe the defendant as a principal.

Appellant further complains that the trial court erred in admitting the confession of appellant because appellant was not warned that the confession could be used against him; that it was not established that appellant understood the English language. Sheriff Hitzfelder testified that it was a voluntary statement; that he gave the warning in the statement that he did not have to make any statement at all, and second, that any statement made would be used in evidence against him on his trial for the offense concerning which the confession was made.

Out of the presence of the jury, on voir-dire examination by appellant's counsel, the Sheriff testified that appellant spoke English, that he understood it; that he had known appellant before; that appellant read the statement in the Sheriff's presence; that he knew he could read; that appellant said, "That is true; that is the way it is." ; that appellant said he could read English.

■ The evidence of the Sheriff and the Deputy Sheriff shows that appellant was warned; that appellant understood the English language; that there was sufficient evidence for the court to admit the confession. Without having asked the matter be submitted to the jury, appellant did not show as a matter of law that the confession was inadmissible.

The evidence is sufficient to support the verdict of the jury.

No reversible error appearing, the judgment is affirmed.