### JUETTE SASSER V. THE STATE.

No. 18431.  Delivered October 28, 1936.
Rehearing Denied November 25, 1936.

The opinion states the case.

*R. E. Eubank* and *Herbert L. Jones*, both of Paris, and *C. A. Holloway*, of Clarksville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of theft, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The indictment in this case in due form charged the appellant with the theft of an automobile from O. V. Medford and for the purpose of enhancing the punishment it was averred in the indictment that on or about the 11th day of December, 1933, he, defendant, had been convicted in the District Court of Red River County of a similar offense, to-wit: burglary with intent to commit theft. Appellant contends that the offense of burglary with intent to commit theft is not an offense of like nature as that of theft which would authorize the enhancement of his punishment. We cannot agree with him for the reason that in theft cases the primary object is to unlawfully obtain another's propery without his consent. For a better understanding of the conclusion reached by us we make the following

illustration: If A goes to B's garage, finds the door to it open and steals B's car, it is theft. If, however, he finds the door closed, breaks it open and steals the car, it is nevertheless theft even though the offense may be denominated burglary with intent to commit theft; theft being the primary object of the offender in each instance. The only difference is the means used. Therefore, we are of the opinion that the two offenses charged are of like nature. See Warner v. State, 42 S. W. (2d) 616.

Bill of exception number one complains of the admission of the testimony as to the appellant's escape from jail and bill number two complains of the admission of testimony as to the value of the alleged stolen car. We think that both of said bills of exception are without merit and are overruled without discussion.

By bill of exception number three appellant complains of the admission as evidence of the judgment of appellant's conviction in the District Court of Red River County in cause number 10,559 because in the indictment upon which the appellant was tried in the instant case, it was not averred that the former conviction was in cause number 10,559. We deem the allegations in the indictment sufficient to warrant the admission of the judgment of conviction, for the reason that it was averred in the indictment that the appellant had been theretofore on the 11th day of December, 1933, convicted in the District Court of Red River County of the offense of burglary with intent to commit theft, giving the style of the case, the court wherein convicted, and the date of conviction. This was sufficient to place the appellant upon notice that the State relied for the enhancement of the punishment in the instant case upon the conviction obtained in the District Court of Red River County on the 11th day of December, 1933, wherein the State was plaintiff and appellant defendant. We therefore overrule the appellant's contention.

Appellant's next contention is that the evidence is insufficient to justify the enhanced punishment for the reason that it is not shown that he is one and the same person who was theretofore convicted in the District Court of Red River County of the offense of burglary with intent to commit theft. We cannot agree with him inasmuch as the district clerk testified that he was district clerk in the year 1933; that he was well acquainted with the defendant; that he was in attendance at court at the time defendant was convicted and that he, defend-

ant, is the same person, who was then on trial, in the instant case.

All other matters complained of have been carefully considered by us and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing. We can not agree with him when he urges that a ten year sentence for felony theft is cruel and excessive punishment. The legislative branch of our government has seen fit to affix to the crime of theft of property of the value of fifty dollars or more, a punishment by confinement in the penitentiary for not less than two nor more than ten years. If they had made the maximum twenty years, it would have been within their exclusive domain,—not ours.

The indictment followed precedents in alleging the commission of prior similar offenses by the accused, the object being to prosecute him as an habitual criminal.

The evidence that the alleged stolen automobile was of value much in excess of fifty dollars when stolen, is undisputed.

This court has no power to give to one who has appealed to us from a felony conviction,—or for that matter from any conviction,—any credit on his punishment as fixed by the jury, for whatever time may have elapsed between the date of his appeal and the date of the final judgment at our hands.

Appellant's motion for rehearing is overruled.

*Overruled.*