ASCENSION MARTINEZ, *alias* "CHON" MARTINEZ, V. THE STATE.

No. 19253.   Delivered January 19, 1938.
State's rehearing denied March 23, 1938.

The opinion states the case.

*Kennedy Smith*, of Edinburg, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice and his punishment was assessed at death.

It appears from the record that appellant and his associate in crime took a man and his wife, who desired to go into Mexico, to the Rio Grande River. There they both outraged the woman, killed the man and his wife, weighted them down, and dropped them into the river.

At the very threshold of the case, we are confronted with the question of the time and manner of the selection of the grand jury which indicted appellant with the offense charged. Article 333, C. C. P., provides as follows: "The district judge shall, at each term of the district court, appoint three persons to perform the duties of jury commissioners, who shall possess the following qualification" (A list of qualifications follows).

Article 338, C. C. P., provides: "The jury commissioners shall select sixteen men from the citizens of the different por-

tions of the county to be summoned as grand jurors for the next term of court."

Article 348, C. C. P., prior to amendment by the 43d Legislature, read as follows: "If there should be a failure, from any cause to select and summon a grand jury, as herein directed, or, when none of those summoned shall attend, the district court, shall, on the first day of the organization thereof, direct a writ to be issued to the sheriff, commanding him to summon any number of persons, not less than twelve nor more than sixteen, to serve as grand jurors."

As amended by the 43d Legislature, said Article 348, C. C. P., now reads as follows: "If there should be a failure from any cause to select and summon a grand jury, as herein directed, or, when none of those summoned shall attend, the district court shall, on the first day or any time thereafter at the discretion of said court, direct a writ to be issued to the sheriff commanding him to summon a jury commission, selected by the court, which commission shall select not less than twelve nor more than sixteen persons, as provided by law, who shall serve as grand jurors."

It appears from the bill of exceptions that appellant had been arrested and placed in jail for several days prior to the date he made a confession—October 15. The November term of court began during the first part of November and continued for two months. In the month of January, another term began and continued for another two months, and during this term, the court appointed a jury commission under Article 348 to select a grand jury for said term of court. Appellant was indicted by said grand jury and was subsequently tried and convicted. At the time the court appointed the jury commission to select the grand jury, appellant, through his attorneys, protested against the action of the court and objected thereto. Thereafter, appellant filed his motion to quash the indictment and in his motion averred that the court had arbitrarily disregarded Article 333 with reference to the appointment of a jury commission and the selection of a grand jury. In support of said averment, he placed the judge of said court upon the witness stand, who admitted that he had consistently disregarded Article 333 by appointing jury commissioners under Article 348, and stated that he did so with a view to saving the county the expense of a grand jury unless it became necessary to have one; that at the previous term of his court, he did not think that there would be any need for a grand jury. Just why he thought so is not disclosed by the record. The expediency or saving of cost or

expense is not such cause as was contemplated by law as a just cause for resorting to the procedure prescribed by Article 348. Appellant made a confession on October 15, at which time he was in jail; in addition thereto, the officers were in possession of many facts and circumstances which pointed to his guilt. Obviously there would be need for a grand jury at the succeeding term of court.

However, we do not wish to be understood as holding that Article 333 only applies when, in the discretion of the judge, there is need for a grand jury at such succeeding term. In the case of Hunter v. State, 299 S. W. 437, this Court said that the trial court could not organize a grand jury under Article 348 from persons summoned by the sheriff when statutory direction as to appointment of a jury commission had been arbitrarily disregarded. It is obvious from this article that the 43d Legislature did not intend to repeal Article 333, nor did it intend to substitute Article 348 therefor, because it used the following language: "If there should be a failure from any cause to select and summon a grand jury, as herein directed, or when none of those summoned shall attend," etc.

What did the Legislature mean by the use of the language above quoted? It certainly has reference to some article of the statutes other than the one from which it is quoted. Therefore, we must look to Article 333, which is the only other statute providing for the selection and summoning of a grand jury. We are constrained to construe both of said articles in such a manner as to harmonize them and not bring them into conflict with each other. The language of Article 348 clearly indicates that the judge is to be governed by Article 333 in the first instance in procuring a grand jury, and that Article 348 might be resorted to only when, through inadvertence, oversight, or some other good cause, the jury commission was not appointed at the preceding term of court, or in case the grand jury selected by the jury commission at the preceding term failed to appear for grand jury service. This, it seems to us, is the plain mandate of the law, and in no event can a judge arbitrarily disregard Article 333 and resort to Article 348 in the appointment of a jury commission to select a grand jury for the term of court then in session. To so hold would legally authorize every judge in this State to disregard Article 333 in the selection of a grand jury, which would be tantamount to a repeal of said article by the judicial and not the legislative branch of our government, which is contrary to Article 1, Section 2 of our Constitution.

The State's attorney takes the position that Article 348, as amended in 1933, provides the same method of selecting a

grand jury as Article 333, the only difference being the time of selection; hence, an accused person can not be injured by the selection of a grand jury under Article 348 without first resorting to Article 333. He further contends that the time of summoning a grand jury is merely directory and not mandatory, and in support thereof, cites the case of King v. State, 234 S. W. 1107. We note, however, that in the discussion of the question in that case, this Court said:

"The importance of the selection of the grand jury by commissioners appointed in accord with law, in our opinion, far transcends the importance of summoning them at a particular time. In the one case the substance of the law is that the commissioners shall be duly selected at the preceding term, while in the other it is that the list shall be preserved and cared for in accordance with the statutory requirements."

It may be that the method of selecting a grand jury under Article 348 is as good and as effective as if selected under Article 333, but when the Legislature prescribes rules of procedure in criminal cases, we are required to follow them, regardless of what the ultimate result might be. As we have said heretofore, it is our opinion that the Legislature enacted Article 348 as a rule of procedure to be followed when, and only when, through the inadvertence, oversight, etc., no commissioners were appointed to select a grand jury for the succeeding term of court. It is not a question of whether the selection of a grand jury under both articles is the same and one as good as the other, but a question of uniform procedure, and a strict observance of the mandatory provisions of the law. See Woolen v. State, 68 Texas Crim. Rep. 189; Mayfield v. State, 68 Texas Crim. Rep. 276; Donegan v. State, 89 Texas Crim. Rep. 193 (230 S. W. 166).

In the case of Woolen v. State, supra, the judge appointed a jury commission at the November term of his court to draw a grand jury for the January, the March, and the May terms, and instructed them as to their duties as such commissioners. At the March term of the court, which was the second term after the appointment of the jury commission who drew them, Woolen was indicted, and when his trial came along, he made a motion to quash the indictment because it was returned by the grand jury which had been selected by a jury commission appointed by the court at the November term. This Court in disposing of the question, said: "Nowhere in the Constitution, nor in the statutes, is it provided that the judiciary shall wilfully or intentionally violate the Acts of the Legislature, or set at

naught the provisions in regard to juries, and the manner of selecting and impaneling juries."

The Court further said: "Wherever the Legislature has provided the method and means by which a jury may or must be selected, the judiciary is not authorized, because of some idea they may entertain of expediency or saving of cost or expense, to abrogate and set aside the plain provisions of statutory enactment."

In that case, the jury commissioners were duly and regularly appointed by the court at a preceding term, and no complaint was made of unfairness in the selection of a grand jury. The only complaint was as to the time at which a grand jury was selected, and that seems to be the only real question in the present case. Therefore, it is apparent that the time of the appointment of a jury commission to select a grand jury as prescribed by law should be observed and followed.

In the case of Russell v. State, 92 Texas Crim. Rep. 93 (242 S. W. 240), it appears that the court did not follow either Article 333 or Article 348 of the Code of Criminal Procedure in securing a grand jury. At that time, Article 348 provided that in the event Article 333 had not been followed, that the court could direct the sheriff to summon grand jurors. Instead the court appointed jury commissioners to select the grand jurors for the instant term of court. In passing upon the question of the legality of such procedure, the following was said in course of the opinion: "We are forced to the conclusion that this was a plain violation of the express command of a written statute, without reason or justification therefor. The manner of the organization of a grand jury is deemed of such importance by the legislative department of our government as that it devoted an entire chapter of our Code of Criminal Procedure to providing in detail for such organization. In the observance of many of the articles of said chapter, persons in jail and suspected of crime, as well as the general public, are directly interested. Any citizen, as well as any person in jail, is given the right by said articles to challenge the array, or any person presented as a grand juror, and, being held to know the provisions of all statutes, such persons so interested would be held to know how a grand jury should be selected, and when such challenges should be made. That they could not and would not know such facts is obviously the case, if the judge might at his own pleasure change the whole manner and method of summoning such grand jury, and order the same summoned at any time and place, without the knowledge of interested parties."

Having reached the conclusion that the action of the trial court in the matter herein complained of was a plain violation of the express command of the written statute, without reason or justification, we are therefore constrained to reverse this case, however much we may regret doing so.

The judgment of the trial court is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—Let it be understood in the beginning that if the term "arbitrary" disregard of a statute may be found herein it is not used in an ugly or critical sense, but only as meaning that there was a purposeful or intentional failure to follow the statute.

The legal proposition involved is very clearly stated in the State's brief in support of its motion for rehearing, as follows: " * * * whether or not Article 333, C. C. P., with reference to the selection of jury commissioners was rendered directory only by the amendment of Article 348, C. C. P., passed at the Regular Session of the 43d Legislature in 1933, * * *. "

Articles 333-338 provide for the appointment of jury commissioners at each term of the district court to select grand jurors to serve at the *next* term of court. Article 348, C. C. P. (prior to its amendment in 1933), provided that: "If there should be a failure from any cause to select and summon a grand jury as herein directed," the district court should direct the sheriff to summon persons to serve as grand jurors. By an unbroken line of authorities it has been held that an intentional failure to have a grand jury selected at a preceding term of court would not authorize the court to select them under Article 348. It seems perfectly plain that in amending Article 348 the only purpose of the Legislature was to say that if any of those reasons which excused selecting the grand jury at the preceding term of court was present then the court, instead of having the sheriff summon men from whom a grand jury could be impaneled for the instant term, should appoint commissioners to select the grand jurors for the instant term. In amending said Article 348, C. C. P., the Legislature employed the very

same language found therein before, viz.: "If there should be a failure from any cause to select and summon a grand jury as herein directed," etc.

We quote from 39 Tex Jur., p. 267, as follows: "When a statute is re-enacted without material change, it is generally presumed that the Legislature knew and adopted or approved the interpretation placed upon the original act, and intended that the new enactment should receive the same construction as the old one. Accordingly the construction of the old act is regarded as a part of the new, and a different interpretation will be given only 'for impelling and cogent reasons.'" Many cases both civil and criminal are cited in support of the text. See also the later case of Parrish v. State, 126 Texas Crim. Rep. 308, 71 S. W. (2d) 274. Giving effect to the rule quoted, it seems inescapable that the Legislature intended the same construction to be given the words "a failure from any cause," to select a grand jury at the preceding term of court as had been given it in prior opinions. No change was made in Articles 333 to 338. To follow the suggestion of the State would require us to hold that the amendment of Article 348 in 1933 had the effect of modifying Articles 333-338, leaving it discretionary with the trial court to select his grand jury either at the preceding term or the instant term for any reason which might appeal to him, regardless of the former opinions pointing out that the reasons for not following Articles 333-338 must not be arbitrary. If the Legislature had intended to leave it discretionary with the trial judge to select his grand jury either at the preceding term or the instant term it would have been a simple matter for it to have said so, but it would be quite a serious matter for this Court to read into the statute something which was omitted by the law-making body.

The State's motion for rehearing is overruled.