**Ex parte Derrick Wayne HAYWARD.**

**No. 69558.**

Court of Criminal Appeals of Texas, En Banc.

April 23, 1986.

Bruce Neill Smith, Beaumont, for appellant.

James S. McGrath, Dist. Atty. & John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought under the provisions of Article 11.07, V.A.C.C.P.

Applicant filed his application initially in the convicting court, the 252nd District Court, alleging that his conviction in Cause No. 40768 in said court for burglary of a building on October 11, 1984, was void because the court had given him more credit on his sentence "than the law allowed," and in fact gave him credit for time even prior to the date of the offense when he was not in custody for any reason.

Applicant alleges he is now indicted for the offense of injury to an elderly individual in Cause No. 46188 in the Criminal District Court of Jefferson County and that the prior void burglary conviction had been alleged therein for the enhancement of punishment, and the void prior conviction also affected the amount of bail that has been set.

The convicting district court filed findings of fact and conclusions of law. It found, after reviewing the facts, that "[T]here are cases in which justice would best be served by awarding a defendant a final felony conviction but not requiring that he serve additional imprisonment. This is especially relevant in light of the severe overcrowding presently facing the Department of Corrections."

The convicting court concluded that the award by a trial court of additional credit

on the sentence did not invalidate either the judgment or sentence, and that the trial court, in the instant case, had the legal discretion to award the credit given in the interest of justice. The court recommended relief be denied and ordered the record forwarded to this Court.

The record shows that on March 12, 1982, the applicant entered a plea of guilty before the court to the offense of burglary of a building in Cause No. 40768. The court, upon motion of applicant, deferred adjudication of guilt and applicant was placed on probation for seven years subject to certain probationary conditions.

On August 17, 1984, the State filed a motion to proceed to adjudication of guilt alleging that applicant had committed an offense of assault in violation of the probationary conditions. On October 11, 1984, the court conducted a hearing on said motion. The applicant entered a plea of "true" to allegations. The court proceeded to adjudicate guilt, found the alleged burglary offense was committed on October 29, 1981, and assessed punishment at six years in the Department of Corrections. On the same day, applicant was given credit on the sentence for six years, from October 11, 1978 to the date of the imposition of the sentence, October 11, 1984.[1] There is no showing applicant was even in custody. In its answer the State urges the six year sentence is valid, that the "credit for six years served" was unauthorized and that the credit should be set aside and the applicant required to serve his six year sentence.[2]

V.T.C.A., Penal Code, § 30.02, provides that burglary of a building is a felony of the second degree. V.T.C.A., Penal Code, § 12.33 (Second-degree felony), provides that an individual convicted of a second-degree felony may be punished by confinement in the Department of Corrections for not less than 2 nor more than 20 years and also by a fine not to exceed $10,000.

The 6 years assessed by the trial court in the instant case following the revocation of the 7 year probation and adjudication of guilt was within the range of punishment established by the Legislature. The granting of six years' credit upon the sentence at the time of its imposition for non-custody time including over 2 years of time prior to the commission of the offense was not authorized by any legislative enactment. The trial court recognized the lack of express statutory authority but in its findings "argues" that since the Legislature has provided statutes that required a court to give certain credits on a sentence,[3] and has enacted statutes that prohibit the giving of credit,[4] it is clear that the Legislature could have, if it wanted to, prohibited a court from giving credit on a sentence for time not actually served in custody. The trial court reasoned, that since it did not, courts thereby are given the "inherent discretionary authority to award out of custody credit if they deem it proper in the interest of justice."[5] The trial court observed that Article 42.06, V.A.C.C.P., provides a court can provide credit for "any time served or punishment offered." It further reasons that in addition to confinement a defendant suffers considerable "punishment." A convicted felon cannot receive probation from a future jury. The felony conviction can be used for enhancement of punishment in a future felony case. The defendant can be impeached by use of the conviction if he is a witness in a case. Many civil rights are

---

1. At the time of the imposition of sentence and the granting of credit thereon the record reflects:

   "THE COURT: Mr. Hayward, you have now got a conviction. The next time you get in trouble, which I predict you will, you will have a repetition on you and you are going to the penitentiary.
   "THE DEFENDANT: Yes, sir."

2. The State does not explain where it was during such unauthorized action, or why it remained silent until applicant filed his post-conviction application for writ of habeas corpus.

3. The trial court lists Articles 42.03, §§ 2 and 3, 46.02, § 9, 42.12, § 6(a), 6b(f), V.A.C.C.P. Articles 42.06 and 42.09, V.A.C.C.P., are also listed.

4. Article 42.12, § 6c(c), V.A.C.C.P., is listed.

5. See, however, *Ex parte Hughes,* 133 Tex. 505, 129 S.W.2d 270, 273 (1939).

lost, and that many employment opportunities are legally unavailable to a convicted felony. The trial court found that in view of "the severe overcrowding presently facing the Department of Corrections" there are cases in which justice would best be served by "awarding a defendant a final felony conviction" but not requiring that he serve any imprisonment or additional imprisonment.[6]

In its findings the trial court cites cases in which it states the Court of Criminal Appeals has awarded credit on sentences "for time not actually served in custody." These cases are inapplicable or clearly distinguishable.[7]

The trial court also calls attention to *Ex parte Walker*, 599 S.W.2d 332 (Tex.Cr.App. 1980), a panel opinion involving a Jefferson County sentencing. There the pregnant defendant was convicted of misdemeanor theft in district court and assessed a punishment of 60 days in jail and a fine of $350.00. The court ordered Walker to serve the 60 days at her home. Found away from her home one day Walker's "privilege" was withdrawn. In the habeas corpus proceedings this Court concluded that the law did not authorize the court to order a defendant to serve the sentence at home. The conviction, however, was held valid and Walker was allowed, inter alia, credit for the 7 days' confinement at home under Article 42.06, V.A.C.C.P.

Article III, § 1 of the Texas Constitution delegates to the Legislature law-making authority including the right to define crime and fix penalties therefor. *McNew v. State*, 608 S.W.2d 166, 176 (Tex.Cr.App. 1980) (Opinion on Rehearing).

It is well established that the fixing of penalties and the punishment for offenses under the penal laws of the State is within the exclusive domain of the Legislature, *not the courts*. *Grant v. State*, 505 S.W.2d 279, 282 (Tex.Cr.App.1974). See also *Sasser v. State*, 131 Tex.Cr.R. 347, 98 S.W.2d 211 (1936); *Ex parte Davis*, 412 S.W.2d 46 (Tex.Cr.App.1967); *David v. State*, 453 S.W.2d 172, 179 (Tex.Cr.App. 1970); *Ex parte Granviel*, 561 S.W.2d 503 (Tex.Cr.App.1978).

■ Article II, § 1 of the Texas Constitution sets forth the separation of powers doctrine, and prohibits one branch or department of government from exercising any power properly attached to another except where expressly permitted in the Constitution.

■ Courts have no power to legislate. *Ex parte Myer*, 207 S.W. 100, 107 (Tex.Cr. App.1918); *Shoppers World, Inc. v. State*, 373 S.W.2d 374 (Tex.Civ.App.—San Antonio 1963), *affirmed* 380 S.W.2d 107 (Tex.1964).

---

**6.** Apparently it is the trial court's position that it could give credit for non-custody time not only for time before the offense was committed but for time when the defendant was too young to be amendable to the penal laws.

**7.** *Vessels v. State*, 467 S.W.2d 259 (Tex.Cr.App. 1971), states: "The record states that the appellant has been in continuous confinement." That case is totally inapplicable.

A number of cases have held that when a prisoner is released from confinement due to no fault of his own, he is entitled to flat time credit for the time he was out of custody. *Ex parte Esquivel*, 531 S.W.2d 339 (Tex.Cr.App.1976); *Ex parte Tarlton*, 582 S.W.2d 155 (Tex.Cr.App. 1979); *Ex parte Pizzalota*, 610 S.W.2d 486 (Tex. Cr.App.1980); *Ex parte Hurd*, 613 S.W.2d 742 (Tex.Cr.App.1981); *Ex parte Morris*, 626 S.W.2d 754 (Tex.Cr.App.1982). These cases are clearly distinguished from the instant case on their facts.

In *Ex parte Williams*, 551 S.W.2d 416 (Tex.Cr. App.1977), it was held that where applicant's state conviction became final and he would have been in Texas Department of Corrections but for the federal conviction he was in construction custody of T.D.C. and to deny him good time credit while in the federal institution would be a violation of the due course of the law of the land. (Article I, Sec. 19, Tex.Const.) See also *Ex parte Jasper*, 538 S.W.2d 782 (Tex. Cr.App.1976).

In *Ex parte Spates*, 521 S.W.2d 265 (Tex.Cr. App.1975), the defendant was sentenced for felony theft after revocation of probation in Taylor County. It was held that he was entitled to credit on sentence for time in Harris county jail after revocation process commenced and Taylor County notified Harris County thereof by telegram followed by capias. These cases likewise are distinguishable from the instant case.

It is the court's duty to observe, not to disregard statutory provisions. *Dodd v. State*, 83 Tex.Cr.R. 160, 201 S.W. 1014, 1018 (1918).[8] Courts can neither ignore nor emasculate the statutes. *Seefurth v. State*, 422 S.W.2d 931 (Tex.Cr.App.1967). Further, courts have no power to create an exception to a statute, cf. *Bain v. Smith*, 97 S.W.2d 353 (Tex.Civ.App.—San Antonio 1936), nor do they have power to add to or take from legislative pains, penalties and remedies. *Ex parte Hughes*, 133 Tex. 505, 129 S.W.2d 270 (1939). That which the Legislature has made mandatory in a penalty statute, if not complied with, cannot be softened down to a mere technicality. *Hutson v. Smith*, 191 S.W.2d 779 (Tex.Civ. App.—Galveston 1946). It is for the Legislature, not the courts, to remedy defects or supply deficiencies in the laws, and to give relief from unjust and unwise legislation. *Board of Insurance Com'rs. of Texas v. Guardian Life Ins. Co. of Texas*, 142 Tex. 630, 180 S.W.2d 906 (1944).

In *Dodd v. State*, supra, 201 S.W. at p. 1018, this Court wrote:

"The duty of the courts is to observe statutory provisions. It does not lie with them to arbitrarily disobey them. *Bishop v. State* [81 Tex.Cr.R. 96], 194 S.W. 389. The rights of the public and the citizen are best protected by an observance of the law as it is written where it does not overstep constitutional provisions. If hardship or injustice result in individual cases, the remedy is not with the courts, but lies in the hands of those vested with the right to exercise executive clemency."

While the assessment of six years' confinement in the Department of Corrections in the instant case was within the proper range of punishment for the offense charged, Article 42.09, § 1, provides:

"Except as provided in Sections 2 and 3 [which affect defendants who appeal] *a defendant shall be delivered* to jail or to the Department of Corrections when his sentence of imprisonment is pronounced, . . . ." (Emphasis supplied.)

There is nothing in the record to show that applicant was actually ever committed or taken to the Department of Corrections despite the orders and recitals in the sentence apparently in view of the amount of credit on the sentence granted by the trial court.

■ For the reasons stated, we conclude the law does not authorize a court to give credit for non-custody time as was done in the instant case. The trial court acted beyond its authority. Cf. *Walker v. State*, supra. There may be a current overcrowding problem in the Department of Corrections, but this does not permit a trial court to engage in innovative sentencing beyond its authority or to exercise legislative functions. Courts must not usurp the powers duly delegated by the Constitution to the Legislature.

"It has been said many times that innovative experiments involving the judiciary may be admirable and even understandable, but such experiments must stay within the limitations imposed by law." Teague, J., dissenting in *Kelley v. State*, 676 S.W.2d 104 (Tex.Cr.App.1984), at p. 112.

The sentence in the instant case is reformed by deleting the phrase "This sentence to begin on October 11, 1978."[9] As reformed the sentence is valid as is the conviction.

■ The applicant is entitled, however, to credit in the sentence from October 11, 1984, the date of the sentence until the date of the mandate of this Court in this

---

**8.** Where rules of procedure in criminal cases are prescribed by the Legislature, the courts are required to follow them, regardless of what the ultimate result might be. *Martinez v. State*, 134 Tex.Cr.R. 180, 114 S.W.2d 874 (1938).

**9.** Article 42.09, § 1, V.A.C.C.P., provides in part:
"The defendant's sentence begins to run on the day it is pronounced, but with all credits, if any, allowed by Article 42.03."

The date of a sentence is the date it is pronounced. It is never proper to "back-date" a sentence in an attempt to give credit on the sentence. Proper credit may be given in the sentence but the date of the sentence remains the same.

case. Applicant's release under the court's improper order does not appear to be due to any fault of his own. To hold otherwise would deprive him of the due course of the law of the land. Article I, § 19, Texas Constitution.

The sentence, as reformed, being valid, the relief prayed for is denied, and the Sheriff of Jefferson County is ordered to arrest and take into custody the applicant for the purpose of carrying out the sentence, as reformed.

It is so ordered.

CAMPBELL, J., concurs in the result.

CLINTON, Judge, concurring in part and dissenting in part.

That the trial court lacked authority to award "credit" on the sentence it imposed is amply shown by the majority opinion. However, it is obvious from the record that the "innovative sentencing" indulged in by the trial court was part and parcel of its deliberations and determination as to appropriate punishment, in the premises. Therefore, the "remedy" devised by the majority—reforming the sentence, awarding credit on its own and ordering applicant into custody to serve the sentence thus credited—infringes that power and authority vested in the trial court to assess a proper punishment and impose a lawful sentence. We cannot say that the trial court would do what the majority now does.

Accordingly, I would vacate the judgment and sentence and direct the trial court to conduct a fresh punishment hearing in Cause No. 40768, pursuant to Article 37.07, § 3(a) and (d), V.A.C.C.P.

I concur in its conclusions of law but dissent to the order of the Court.

McCORMICK, Judge, dissenting.

In the absence of any type of due process objection being made at the time of imposition of sentence, I would hold that applicant is estopped to raise the present collateral attack. See *Rogers v. State*, 640 S.W.2d 248 (Tex.Cr.App.1982).

This is especially so in light of the fact that there has been no demonstrable harm to the applicant.