Ronnie Lee **LLOYD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 85 218 CR.

Court of Appeals of Texas,
Beaumont.

Nov. 26, 1986.
Discretionary Review Refused
March 25, 1987.

Harold J. Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was indicted for murder, attempted murder, and involuntary manslaughter. The indictment also contained an allegation that he had been previously convicted of aggravated assault. The jury found appellant guilty of murder, the enhancement paragraph true and assessed punishment at thirty-five years in the Texas Department of Corrections. Appellant challenges only the use of the previous conviction.

Appellant alleges the trial court erred in not granting a motion to set aside the indictment since the enhancement conviction was null and void and not final. He separately maintains that the conviction was void because it was based upon a plea bargain arrangement that the state could not honor. He also alleges the trial court erred in allowing the judgment into evidence because it was null and void. He further complains the trial court erred in denying his application for probation from the jury because his prior conviction was void and he was eligible for probation consideration.

All of appellant's arguments are based upon the recent holding of *Ex Parte Hay-*ward, 711 S.W.2d 652 (Tex.Crim.App.1986). Appellant contends the conviction used for enhancement was invalid, void, and not final because, after revoking his probation, the court "back-dated" his sentence and gave him credit for time served when he in fact did not serve any time in the Texas Department of Corrections. His reliance on *Hayward*, is misplaced.

A conviction is not "final" for enhancement purposes if the imposition of sentence has been suspended and probation granted, but the conviction is "final" for such purposes if the probation has been revoked. *Ex Parte Murchison*, 560 S.W.2d 654 (Tex.Crim.App.1978). *Hayward, supra*, does not hold that a sentence such as this is invalid or void. It holds just the opposite and simply reforms the sentence to require the defendant to serve the sentence.[1] *Hayward* raised the identical issue in his habeas corpus, but he was facing trial with his "back-dated" sentence to be used as enhancement. We overrule appellant's contentions that the prior conviction is void because it is not final.

As to appellant's allegation that the prior conviction is void because it was the result of a plea bargain that the state could not honor, this contention was never presented in the trial court and may not be raised in a direct appeal for the first time. *Goodman v. State*, 701 S.W.2d 850 (Tex. Crim.App.1985). It is likewise overruled.

Consequently, the prior conviction being valid, appellant was not entitled to receive probation from the jury and the trial judge did not err in denying the application. The judgment of the trial court is affirmed.

AFFIRMED.

---

1. The issue of the reformation of appellant's prior conviction is not before this court; we enter no orders in this regard.