

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,893

### EX PARTE OSCAR EDUARDO RIOJAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010-CRR-572-D3 IN THE 341ST DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and was sentenced to five years' imprisonment. He did not appeal the conviction.

The writ record shows that Applicant pleaded guilty under a plea agreement in exchange for the State's recommendation of a five-year sentence with credit for eighteen months. The trial court sentenced Applicant to the five years agreed upon and awarded pre-sentence jail-time credit from the date of the offense to the date of sentencing, which amounts to five months and twenty-two days,

but it could not award credit for the entire eighteen months agreed upon because the additional time to have been credited was never served in connection with this offense. Applicant complains his guilty plea was therefore involuntary because the plea agreement was not enforceable regarding the amount of time to be credited against the five-year sentence.

This Court has held that a plea is involuntary where the provisions of the plea agreement or bargain are unenforceable, and this is true even though the State or the trial court never had the authority to ensure compliance with the plea agreement. *Ex parte Austin*, 746 S.W.2d 226, 227-229 (Tex.Crim.App. 1988). The appropriate relief in such a situation is either specific enforcement of the agreement or withdrawal of the plea, depending upon the circumstances of the case. *Id.* Because Applicant cannot be awarded pre-sentence jail-time credit that would extend to a date before the date the offense was committed, *see Ex parte Hayward*, 711 S.W.2d 652, 656 (Tex.Crim.App. 1986), the appropriate remedy is to permit Applicant to withdraw his guilty plea.

Relief is granted. The judgment in Cause No. 2010-CRR-572-D3 in the 341st District Court of Webb County is set aside, and Applicant is remanded to the custody of the Sheriff of Webb County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 10, 2012
Do not publish