In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00255-CV
_____

HERBERT FEIST, Appellant

V.

LARRY J. GIST, Appellee

On Appeal from the 136th District Court
Jefferson County, Texas
Trial Cause No. D-201,708-A

MEMORANDUM OPINION

Pro se Appellant Herbert Feist appeals the trial court's order dismissing with prejudice his claims against Appellee Jefferson County District Court Judge Larry Gist. *See* Tex. R. Civ. P. 91a. Feist enumerates five complaints on appeal:

[1] [The] Trial Court Wrongfully Dismissed Tort, Civil Rights Complaint, Requesting Declaratory and Injunctive Relief, and Never entered Default;

[2] [The] Trial Court Failed To Rule On Instruments In Order They Were Filed, Including Default[;]

1

[3] [The] Trial Court Wrongfully Dismissed On Baseless Claim, Void Order;

[4] [The] Trial Court Never Considered Parole Issues, No Deadly Weapon Finding, Street Time, or Mandatory Supervision;

[5] [The] House Arrest Violates the Law[.]

We affirm.

## Background

### Prior Proceedings

We begin with some background information to put Feist's current lawsuit in context. In 1981, Feist was convicted in the 252nd Criminal District Court of Jefferson County, Texas, on a charge of aggravated robbery. *See Feist v. Tex. Dep't of Criminal Justice-Inst. Div.,* No. 1:93-CV-465, 1996 U.S. Dist. LEXIS 11411, at *1 (E.D. Tex. July 18, 1996). He pleaded "true" to an enhancement count based on a 1978 robbery charge, and he received a forty-year sentence as a repeat offender. *Id.*; *see also Feist v. State*, 631 S.W.2d 769 (Tex. App.—Beaumont 1982, no pet.). The trial judge for the 1978 robbery charge was Judge Larry Gist. *See Feist v. Scott*, 885 F. Supp. 927, 933-34 (E.D. Tex. 1995). The parties do not dispute that Gist was also the presiding judge in his 1981 prosecution. Feist appealed his conviction and sentence on the 1981 charge to this Court, and we affirmed the trial court's judgment. *See Feist*, 631 S.W.2d at 772. Feist then sought review by the Texas Court of

2

Criminal Appeals which was denied without written order. *See Feist*, 885 F. Supp. at 929.

Feist then filed four successive applications for habeas corpus relief with the Texas Court of Criminal Appeals, resulting in the Court of Criminal Appeals citing Feist for abuse of the writ and instructing the Clerk of the Court not to accept further applications "attacking this conviction or the prior conviction used to enhance it." *See id.* at 930. Feist also sought habeas relief in federal court, which was denied. *See generally Feist*, 1996 U.S. Dist. LEXIS 11411. Feist then filed a Motion for Leave to File Amended Writ of Habeas Corpus, which the district court dismissed as abusive. *See Feist v. Tex. Dep't of Criminal Justice-Inst. Div.*, No. 1:93-CV-465, 1996 U.S. Dist. LEXIS 19037, at *16 (E.D. Tex. Dec. 19, 1996).

In his 1993 federal application for writ, he asserted a claim of ineffective assistance of counsel, and he argued that the attorney failed to challenge his "backdated" conviction. *See Feist*, 855 F. Supp. at 931. The record of the 1978 robbery charge reflected that Feist initially negotiated a plea bargain agreement whereby he would receive an eight-year shock probation sentence. *Id.* at 934. The trial court apparently rejected the plea bargain agreement and instead entered a "backdated" conviction, with Feist being sentenced to five years with "credit" for time served from May 2, 1974. *Id.* at 933-34. The United States District Court for

3

the Eastern District of Texas explained that Feist "was still in high school in May[] 1974, and thereafter entered the armed services. Thus, the 'credit' for time served was a fiction." *Id.* at 933. According to the federal court, the Texas Court of Criminal Appeals declared backdating an unconstitutional practice. *Id.* (citing *Ex parte Hayward*, 711 S.W.2d 652 (Tex. Crim. App. 1986)). Nevertheless, the federal court noted that the conviction for the 1978 robbery charge was true and could be used as an enhancement in the 1981 conviction. *Id.* The federal court concluded that when Feist pleaded "true" to the 1978 conviction in 1981, he forfeited any opportunity to collaterally attack the 1978 conviction, and the court denied the petition for writ of habeas corpus. *Id.* at 934.

Feist challenged his conviction and sentencing again in federal court in 2007, and the court dismissed the petition for writ of habeas corpus. *See Feist v. Dir.-TDCJ-CID*, No. 1:07cv594, 2007 U.S. Dist. LEXIS 73558 (E.D. Tex. Oct. 2, 2007). In 2015, Feist filed two motions for leave to file writs of habeas corpus with the Texas Court of Criminal Appeals, which were remanded to the trial court with instructions to make findings of fact and conclusions of law and then subsequently denied without written order. *See generally Ex parte Feist*, Nos. WR-12,375-22 & WR-12,375-23, 2015 Tex. App. Unpub. LEXIS 794 (Tex. Crim. App. Nov. 4, 2015) (per curiam).

4

<u>The Current Lawsuit</u>

In May 2018, Feist filed a pro se civil suit styled as "Civil Rights and Personal Injury Complaint"[1] against "Larry J. Gist, Judge."[2] In his Complaint, Feist alleged that he filed his lawsuit against "defendant(s), in their, Individual and Official Capacity, for their Illegal, Intentional, Discriminatory, and Malicious Acts, that exceeded Judicial Authority." Feist further alleged that he was entitled to "[d]amages of Monetary and Non Monetary Relief [] within the jurisdictional limits, of $100[,]000 and release from custody."

Feist sought a "Declaratory Judgment" alleging that the "defendants [] admitted that the Constitution has been violated [] by the use before a jury of backdated, enhancements." Feist alleged that "[t]he trial court in (2015) notified Plaintiff in a habeas corpus that no hearing would be had because they had 'Destroyed' the records." According to Feist, the trial court should grant him a "writ of prohibit" because his underlying conviction was void and not available for enhancement. Feist also sought a "Temporary Restraining Order and Preliminary

---

[1] "A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." Tex. R. Civ. P. 22. For the sake of clarity, we continue to refer to Feist's civil suit as a "Complaint" in this memorandum opinion.

[2] Feist also named the Jefferson County District Attorney as a defendant in his Complaint. On remand from this Court, the trial court severed Feist's claims against Gist from the claims against the Jefferson County District Attorney.

Injunction" requiring the Texas Department of Corrections Records Clerk to "provide priors for enhancements to any and all counts[]" because he was "doing a 40 year sentence on a Void Conviction."

In a section of his Complaint titled "Settlement[,]" Feist alleged he has completed more than thirty years of a forty-year conviction, and he requested a "time cut of 30 years or revers[al] [of] the conviction." He alleged unspecified violations of the constitution and stated:

> This complaint wouldn't be filed if the State would have heard the writ[] and reversed the case. Since Backdating is Illegal and Unconstitutional and was used as enhancement before the jury.
> Parole Board refuse to give Street time, when no Notice of Deadly Weapon was filed, nor no separate Special Issue submitted to the jury on deadly weapon finding.
> Guilty as charged by indictment is insufficient. []
> They are letting procedure error of writ abuse outweigh[] constitutional error. When writ abuse don't apply to parole.
> Judge Gist Admitted to Backdating for the first time in 1995, when writ abuse was entered in 1983, so he couldn't have filed earlier.
> If, settlement/compromise is rejected strict sanctions and punitive damages should issue[.]

Feist alleged that the trial court has jurisdiction under "42 USC, Sec. 1983 and [the] Texas Tort Claim[s] Act." In his "Factual Allegations[,]" Feist alleged that in 1978 he was charged with five aggravated robberies and one car theft, which he states resulted in a plea bargain for "Oral and Written Shock Probation, on 4 robberies for 5 years each running c/c, stacked on 1 car theft for 8 years, for a total

6

of 13 years." The Complaint further alleges that when he was charged with aggravated robbery in 1980, the prior robberies were used as enhancements. Feist claimed that in 1983 "writ abuse was entered against him[]" and the State court never held hearings on his habeas petitions. According to Feist's Complaint, in 1995 "the federal court held a hearing that the defendant judge admitted for the 1st time Plaintiff never had Shock Probation, it wasn't available[,]" and Feist alleged the Judge admitted that he "Backdated" the shock probation sentence. According to Feist, the federal court denied him any relief. Feist contends that his forty-year sentence in criminal Cause 39295, reflected void enhancements. According to Feist, his sentence is void, and the State has "illegally taken" over "100 years of good[]time" and "Illegally placed [him] on 'House Arrest' by parole[]" in excess of authority.

Gist filed an Answer, a Motion to Dismiss Plaintiff's Baseless Cause of Action, and a First Amended Motion to Dismiss. The motions to dismiss sought dismissal with prejudice of all of Feist's claims pursuant to Rule 91a of the Texas Rules of Civil Procedure and argued that the lawsuit was baseless; that all the claims against Gist were barred by judicial immunity, sovereign immunity, and official

7

immunity; and that the constitutional claims were barred by *Heck v. Humphrey*[3] and by operation of the statute of limitations.

The trial court held a telephonic hearing on Gist's First Amended Motion to Dismiss on June 19, 2018, and Feist and the attorney representing Gist appeared by telephone. After hearing arguments from both parties, on the record at the hearing the trial court stated it was "inclined to grant the Motion to Dismiss[.]" The following day, the trial court entered a written Order dismissing all of Feist's claims with prejudice. Feist did not file a motion for new trial or motion to reconsider. Feist filed a notice of appeal.

Standard of Review

Rule 91a allows a party to move to dismiss a cause of action that has no basis in law or fact. *See* Tex. R. Civ. P. 91a.1. "We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet.

---

[3] 512 U.S. 477, 486-87 (1994) (holding that to recover money damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," an inmate must prove that her conviction or sentence has been reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a writ of habeas corpus).

8

denied)); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). We have previously explained that "dismissal is appropriate if the court determines beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief." *Toups*, 429 S.W.3d at 754 (citing *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

Judicial Immunity

A judge has immunity when acting in the course of a judicial proceeding over which he has jurisdiction. *Turner v. Pruitt*, 342 S.W.2d 422, 423 (Tex. 1961). The doctrine of absolute judicial immunity encompasses all judicial acts unless the judge's actions clearly fall outside the judge's subject-matter jurisdiction. *Walker v. Hartman*, 516 S.W.3d 71, 82 (Tex. App.—Beaumont 2017, pet. denied) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dallas Cty. v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957-58 (Tex. App.—Dallas 1985, no writ)). "A judge will not be deprived of immunity because he was in error, took action maliciously[,] or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995) (abrogated on other grounds by *Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008)) (citing *Stump*, 435 U.S. at 359). "Judicial acts include those

9

performed by judges in adjudicating, or otherwise exercising their judicial authority over, proceedings pending in their courts." *Twilligear v. Carrell*, 148 S.W.3d 502, 505 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). Whether an act is judicial or nonjudicial is determined by the nature of the act, that is, whether it is a function normally performed by a judge, as opposed to other acts that simply happen to have been performed by a judge. *Id.* at 504-05 (citing *Forrester v. White*, 484 U.S. 219, 227 (1988)).

In his motion to dismiss, Gist argued that he is entitled to "absolute judicial immunity" because "[t]he very acts Feist complains of are the judicial acts performed by Gist in exercising his judicial authority over Feist." At the hearing on the motion, the trial court remarked as follows:

> So, the -- a judicial act, essentially, for a judge presiding over a case that's located within his court is the entry of judgment, the signing of the pleadings, and the disposition of the case that comes thereafter. Essentially the crux of the arguments that you've contained in here is you stated that there were aspects of how the case was handled that was improper. And while you had a right to appeal those issues to the Court of Appeals and the Texas Court of Criminal Appeals, as far as civil liability goes for how a judge entered judgment or signed a documentation of your case, that is -- that is within the purview of judicial acts. I mean, it's textbook judicial acts.

We agree. Feist does not allege that Judge Gist's actions were non-judicial in nature. *See West v. Robinson*, 486 S.W.3d 669, 674 (Tex. App.—Amarillo 2016, pet. denied) (citing *Malina v. Gonzales*, 994 F.2d 1121, 1123-24 (5th Cir. 1993)).

Although Feist argues that "[i]mmunity does not protect violation of the law[,]" he has not pleaded facts nor presented evidence sufficient to overcome judicial immunity—that the complained-of actions were non-judicial, or that the complained-of actions, although judicial in nature, were taken in the complete absence of all jurisdiction. *See Twilligear*, 148 S.W.3d at 504-05.

Because the record establishes that all of Feist's claims against Gist are barred by judicial immunity, the trial court did not err in dismissing all claims with prejudice pursuant to Rule 91a of the Texas Rules of Civil Procedure. We need not reach any additional issues Feist raises on appeal, nor do we examine the other grounds for dismissal that were presented to the trial court in the motion to dismiss. *See* Tex. R. App. P. 47.1. We affirm the order of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 24, 2019
Opinion Delivered October 24, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.