In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

————————————

## NO. 09-21-00256-CR
————————————

## EX PARTE BRENIKA LOTT

**On Appeal from the 260th District Court**
**Orange County, Texas**
**Trial Cause No. D200424-R**

## OPINION

On June 30, 2020, the State arrested Brenika Lott for murder, but she was not indicted for that crime until October 14, 2020, which was 106 days after police put her in jail. Currently, Lott is in jail and contends she cannot afford to post the $1,000,000 bond the magistrate established as a condition of her release. Seeking a reduction in her bond to a sum she could afford, she applied for a writ of habeas corpus based on the

1

provisions in Texas Code of Criminal Procedure, Article 17.151.[1] After conducting a hearing, the trial court denied Lott's writ.

In a single appellate issue, Lott argues the "trial court erred by not releasing Lott on a personal bond or reducing [her] bond" to an amount she could afford. Given the record before us in the appeal, we conclude the trial court violated the requirements of Article 17.151.

## Background

The State does not dispute that it was not ready for trial within 90-days of Lott's arrest. Instead, it argues that under Article 17.151, its duty to announce ready was not "activated" until Lott filed an "appropriate motion." According to the State, "[i]f it were not so, it would be incumbent upon the courts to seek out those who are detained longer than detailed within 17.151 and release them automatically."

On the other hand, Lott argues that "Article 17.151 is mandatory; if the State is not ready for trial within 90 days of the beginning of the

---

[1]Tex. Code Crim. Proc. Ann. § 17.151 §1(1) (a defendant who is detained in jail and accused of a felony "must be released" on a personal bond or by reducing the required amount of bail if the State is not ready for trial within 90 days).

defendant's detention, the defendant accused of a felony must be released on personal bond or by reducing the required bail amount."

## Standard of Review

We review habeas determinations under Article 17.151 for abuse of discretion.[2] The State claims the time the Legislature gave it to prepare for trial does not begin on the date the State detained Lott, but instead begins running on the date the defendant's attorney files a motion invoking the defendant's rights under Article 17.151. But that argument hinges on the State's unique interpretation of the language the Legislature used in Article 17.151.

When interpreting statutes, we look to the plain language of the statute, as the statute was enacted by the Legislature. When "the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute."[3] We need not look beyond the text of the statute when the statute is not ambiguous and achieves the result the Legislature required.[4]

---

[2]*See Ex parte Gill*, 413 S.W.3d 425, 428 (Tex. Crim. App. 2013).
[3]*Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991).
[4]*Id.*

Analysis

Article 17.151 provides:

Sec. 1. A defendant who is detained in jail pending trial of an accusation against him must be released either on personal bond or by reducing the amount of bail required, if the state is not ready for trial of the criminal action for which he is being detained within:

(1) 90 days from the commencement of his detention if he is accused of a felony[.]

. . .

Sec. 2. The provisions of this article do not apply to a defendant who is:

(1) serving a sentence of imprisonment for another offense while the defendant is serving that sentence;
(2) being detained pending trial of another accusation against the defendant as to which the applicable period has not yet elapsed;
(3) incompetent to stand trial, during the period of the defendant's incompetence; or
(4) being detained for a violation of the conditions of a previous release related to the safety of a victim of the alleged offense or to the safety of the community under this article.[5]

When, as is the case here, the State does not dispute it "is not ready for trial ninety days after an accused arrest, a judge has only two options under article 17.151: either release the accused upon personal bond or

---

[5]Tex. Code Crim. Proc. Ann. art. 17.151.

4

reduce the bail amount." On this record, in responding to Lott's petition the trial court had no other choice but to reduce Lott's bail to an amount the evidence in the record demonstrated she could afford.[6]

The fact there was a Covid-19 pandemic does not alter the result. In March 2020, Governor Abbott declared a state of disaster due to the COVID-19 pandemic. Executive Order GA-13 followed, and the Governor suspended article 17.151 "to the extent necessary to prevent any person's automatic release on personal bond because the State is not ready for trial."[7] However, Executive Order GA-13 suspends article 17.151 "only to the extent that it calls for releasing defendants on personal bond. It does not suspend Article 17.151's release of defendants on bonds they can afford."[8]

Turning to Article 17.151's exceptions, the State does not claim that any of the four exceptions apply. After considering the statute and that the exceptions do not apply, we conclude that the record does not support the trial court's ruling denying Lott's writ. While the State lobbies the

---

[6]*Id.*

[7]*See* The Governor of the State of Tex., Exec. Order GA-13, March 29, 2020, 45 Tex. Reg. 2368, 2369 (2020).

[8]*Ex parte Lanclos*, 624 S.W.3d at 927.

Court for an uncodified exception to article 17.151, we decline its invitation since

> [c]ourts have no power to legislate. It is the court's duty to observe, not to disregard statutory provisions. Courts can neither ignore nor emasculate the statutes. Further, courts have no power to create an exception to a statute, nor do they have power to add to or take from legislative pains, penalties and remedies. . . It is for the Legislature, not the courts, to remedy defects or [ ] deficiencies in the laws, and to give relief from unjust and unwise legislation.[9]

Here, Lott was not indicted within ninety days of her arrest and the State did not announce it was ready for trial. Under the plain language of article 17.151, the clock began running on the State's duty to release Lott on bail within ninety "days from the commencement of [her] detention[.]" So while the Legislature could have created a duty that began on the day the defendant filed a motion to invoke the defendant's right to be released, which is what the State wants this Court to hold, Article 17.151 states in clear and plain language that the ninety-day clock begins running on the day the defendant was detained. And since

---

[9] *State v. Ross*, 953 S.W.2d 748, 751 n.4 (Tex. Crim. App. 1997); *see Ex parte Hayward*, 711 S.W.2d 652, 655-656 (Tex. Crim. App. 652).

the State was not ready for trial within that period, Article 17.151 required the trial court to set Lott's bail at an affordable amount.[10]

## Conclusion

Lott was detained in jail on felony charges without indictment for more than ninety days. Article 17.151 required her release on a bail she could afford. Because the trial court refused to set a bail Lott could afford, we reverse the trial court's order denying Lott's petition for habeas relief and remand the case to the habeas court so the trial court may set a bail at an amount that Lott can afford. No motions for rehearing will be entertained.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on March 23, 2022
Opinion Delivered July 13, 2022
Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[10]*See* Tex. Code Crim. Proc. Ann. art. 17.151, § 1(1); *Lanclos*, 624 S.W.3d at 927.